1
2
3
4        UNITED STATES DISTRICT COURT
5              DISTRICT OF NEVADA
6                    * * *
7  UNITED STATES OF AMERICA,          Case No. 2:14-cr-00261-RFB-GWF
8                         Plaintiff,          ORDER
9        v.
   SCOTT A. CARMITCHEL,
10
                        Defendant.
11

12      The Defendant, Scott A. Carmitchel ("Carmitchel") is charged in an Indictment (Dkt.

13  #10) with armed bank robbery and interference with commerce by robbery.  He made an initial

14  appearance on a criminal complaint on August 1, 2014.  Robert Knief appeared on behalf of the

15  government and Elisa Vasquez of the Federal Public Defender's Office appeared on behalf of

16  Carmitchel who was arrested as John Doe.

17      Carmitchel was initially arrested on state charges and brought over on a writ of habeas

18  corpus ad prosequendum.  Carmitchel was brought to the court heavily restrained with a spit

19  mask around his neck because of disruptive and combative behavior state detention officials

20  reported to the U.S. Marshal's Service.  His transportation to federal custody was delayed

21  because state detention officials reported he was being held in a protective custody cell because

22  of bizarre and combative behavior which included spitting toward anyone attempting contact

23  with him.  State officials also reported that he stripped naked, refused to put on clothes for a state

24  court appearance, and had to be brought to a state court hearing heavily restrained wearing a

25  blanket and a spit mask.

26      During the initial appearance, the court attempted to communicate with Carmitchel to

27  advise him of the charges and his rights.  Carmitchel looked down during the entire proceeding

28  and did not respond to any of the court's questions.  Ms. Vasquez advised that she attempted to

1

communicate with her client prior to the proceedings, but Carmitchel was unresponsive.  She was therefore unable to offer an opinion about whether he was competent to stand trial or to assist in his defense.  The court indicated that given the reports received from state authorities and his behavior while in federal custody, the court intended to order a psychiatric evaluation to determine competency to stand trial as well as competency at the time of the commission of the offenses, and urged Carmitchel to speak to his counsel.  Carmitchel shrugged his shoulders and laughed, but stopped laughing when the court made a record that he was laughing.  The court again attempted to canvas Carmitchel in open court.  However, he continued to be unresponsive.  A financial affidavit could not be filed and the Federal Public Defender's Office was appointed to represent him.

The court conducted an identity hearing to establish the identity of the person arrested as John Doe appearing before the court.  Ms. Vasquez stated she was not ready to proceed without her client's cooperation.  Special Agent Henry Schlumpf was called and testified on direct and cross examination.  The court found that the government had met its burden of proving that the person arrested as John Doe is Scott A. Carmitchel.

Based on the report received from state detention authorities and the U.S. Marshal's Service about Mitchel's behavior while in custody, and the court's observation of Carmitchel in open court, the court has reasonable cause to believe that the Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  The court will therefore sua sponte order a mental competency evaluation pursuant to 18 U.S.C. § 4241(a) and 4242.

**IT IS ORDERED** that:

1.      In accordance with 18 U.S.C. §§ 4241, 4242, and 4247, the United States Marshal's Service shall forthwith transport Scott A. Carmitchel to a suitable Bureau of Prison ("BOP") facility that conducts psychological evaluations closest to the court, for psychiatric or psychological evaluation to determine:

/ / /

2

a.    whether Carmitchel is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and

b.    whether Carmitchel suffered from a mental disease or defect rendering him mentally incompetent at the time of the commission of the offenses charged.

2.    Carmitchel shall be held in a BOP facility for a reasonable period of time, not to exceed forty five days, unless extended by further order of the court upon a showing of good cause by the director of the facility that the additional time is necessary to observe and evaluate Carmitchel, or by appropriate motion, for a period of up to thirty additional days.  18 U.S.C. § 4247(b).

3.    The examination conducted pursuant to this order shall be conducted by one or more licensed or certified psychiatrist or clinical psychologist.  18 U.S.C. § 4247(b).

4.    A psychiatric or psychological report shall be prepared by the examiner designated to conduct the psychiatric or psychological examination.  The person designated to conduct the psychiatric or psychological examination, shall file the report with the court with copies provided to Robert Knief, Assistant United States Attorney, and to Rachel M. Korenblat, Assistant Federal Public Defender, counsel for Carmitchel.

5.    The report shall include:

a.    Defendant's history and present symptoms;

b.    a description of the psychiatric, psychological or medical tests that were employed and their results;

c.    the examiner's findings;

d.    the examiner's opinions concerning whether Carmitchel is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him, or to assist properly in his defense; and

e.    whether Carmitchel was insane at the time of the offenses charged, that is, that at the time of the commission of the acts constituting the offenses, whether Carmitchel, as a

3

1   result of a severe mental disease or defect, was unable to appreciate the nature and quality or the

2   wrongfulness of his acts.  18 U.S.C. §§ 17(a) and 4247(c).

3        The court finds that the period of time required by the above-described psychiatric or

4   psychological examination of Defendant, and the court's determination of Defendant's

5   competency to stand trial and his sanity at the time of the offenses charged is excludable time

6   under the United States Constitution, the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(A), and Rule

7   5.1 of the Federal Rules of Criminal Procedure.

8        DATED this 8th day of August, 2014.

9

10

11   PEGGY A. LEEN
    UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4